STATE OF MAINE                     SUPERIOR COURT
PISCATAQUIS, SS.                   Docket No. PISCD-CR-2022-0042


STATE OF MAINE              )
                           )
                           )
                           )
                           )
        v.                 )       **Order on Pending Motion**
                           )
                           )
                           )
Tory A. Littlefield,       )
            Defendant.     )


By motion dated March 11, 2023, Defendant seeks to dismiss Counts II and VII
of the Superseding Indictment or, in the alternative, the entire Superseding
Indictment, for vindictive prosecution. The court heard argument on March 15,
at which the State was represented by District Attorney R. Christopher Almy
and Defendant by Attorney William Maselli. The motion is now in order for
decision.

Defendant's argument is grounded in the age of the case against him. He was
initially charged with five offenses by complaint dated January 24, 2022. Four
of the charges were felonies with the most serious being Class A attempted
murder. Defendant was indicted by the grand jury less than one month later,
on February 14, and charged with the same array of offenses. Following further
investigation and pretrial motion practice, the State sought and secured a
superseding indictment on March 2, 2023. This instrument included two new
charges: in Count II, the Class B crime of attempted elevated aggravated
assault and, in Count VII, the Class D crime of domestic violence assault.
Count II is factually and logically related to all the counts in both the complaint
and the initial indictment. It alleges an offense based on the same factual
sequence and on the same date as all the earlier charges. Count VII is different;
it relates to the same alleged victim but is said to have occurred two weeks
before the events on which the other 6 charges are based.

Defendant argues that the superseding indictment was issued after the case
had been evaluated, investigation was complete, trial strategy had been
developed, and the case was ready for trial. He believes the State seeks to
punish him for exercising his right to a trial. The State responds that its
ordinary processes of trial preparation, including witness interviews and re-
examining the case, yielded the basis for the new charges.

1

The court accepts the State's argument that the new charges arose out of ordinary reevaluation incident to trial preparation. Although Defendant had no reason to expect Count II would be charged so late in the process, his own trial strategy and preparation are unlikely to have been affected by the timing of the charge. All along, he has been preparing a defense based on a factual narrative that was included in discovery at the outset.

Count VII presents a different problem. To defend against this charge, Defendant will have to respond to an event that is completely separated by date and place from the other six charges. Further, to admit evidence of domestic violence alleged to have occurred two weeks ahead of the pending felony counts, involving the same victim, could function as ruinous character testimony.

The addition of Count II to the initial indictment is logical and permissable. Defendant's motion must be DENIED as to it. The addition of Count VII is potentially prejudicial and the motion must therefore be GRANTED as to it.

Order:

Defendant's motion to dismiss Count VII of the Superseding Indictment is GRANTED; Count VII is DISMISSED WITHOUT PREJUDICE.

Defendant's motion is in all other respects DENIED.


The Clerk may incorporate this Order upon the docket by reference.

Dated: May 12, 2023

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court

2